**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEANNA R.,<br><br>                              Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  19-CV-1358 W (RBB)<br><br>**ORDER:**<br><br>**(1) ADOPTING JUDGE BROOKS' REPORT AND RECOMMENDATION [DOC. 16];**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. 13];**<br><br>**(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [DOC. 14]; AND**<br><br>**(4) REMANDING CASE** |

Pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Ruben B. Brooks recommending that this action be remanded for further proceedings. (*R&R* [Doc. 16].) For the following reasons, the Court **ADOPTS** the R&R in its entirety, **GRANTS** Plaintiff's motion for summary judgment [Doc. 13], **DENIES** Defendant's cross-motion for summary judgment [Doc. 14], and **REMANDS** the case for further proceedings.

1

## I. BACKGROUND

On May 26, 2015, Plaintiff Deanna R. ("Plaintiff") protectively filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income. (*Administrative Record ("A.R.")* [Doc. 11-3] 115.)[1] On October 1, 2015, Plaintiff's applications were denied on initial review and were denied again upon reconsideration on May 5, 2016. (*Id.*) On February 1, 2018, Administrative Law Judge ("ALJ") Andrew Verne conducted an administrative hearing. (*R&R* [Doc. 16] 2:13–15.) On July 6, 2018, the ALJ rendered a decision concluding that Plaintiff is not disabled within the meaning of the Social Security Act. (*A.R.* 116.) On May 20, 2019, the ALJ's decision became final when the Appeals Council denied Plaintiff's request for review. (*See R&R* 2:14–17.) Plaintiff thereafter brought this action.

On November 25, 2019, Plaintiff filed a motion for summary judgment. (*Pl.'s Mot.* [Doc. 13].) On December 6, 2019, Defendant filed a cross-motion for summary judgment. (*Def.'s Mot.* [Doc. 14].) On March 30, 2020, United States Magistrate Judge Ruben B. Brooks issued an R&R recommending that Plaintiff's motion for summary judgment be granted, that Defendant's cross-motion for summary judgment be denied, and that the case be remanded for further proceedings. (*R&R* [Doc. 16].) On April 23, 2020, Defendant filed an objection to the Magistrate Judge's R&R. (*Def.'s Objs.* [Doc. 18].)

## II. LEGAL STANDARD

To qualify for disability benefits under the Social Security Act, a claimant must show: (1) that she suffers from a medically determinable physical or mental impairment that can be expected to result in death or that either has lasted, or can be expected to last,

---

[1] The administrative record is filed on the Court's docket as multiple attachments. The Court will cite to the administrative record using the page references contained on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court cites to the page numbers affixed by CM/ECF.

for a continuous period of 12 or more months; and (2) that as a result of such inability, the claimant is incapable of performing any substantial gainful work existing in the national economy.  See 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A).

The Commissioner determines whether a claimant qualifies for disability pursuant to a sequential five-step process.  See 20 C.F.R. § 404.1520(a)(4).

First, the Commissioner determines whether the claimant is engaged in any substantially gainful activity.  See id. at § 404.1520(b).  If so, the claimant is not disabled.  See id.

Second, the Commissioner determines the medical severity of the claimant's condition and its duration relative to the twelve-month requirement of 20 C.F.R. § 404.1509.  See id. at § 404.1520(c).  If the claimant does not have "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities[,]" then the claimant is not disabled.  See id.

Third, the Commissioner determines whether the claimant's condition meets or equals a listed impairment in 20 C.F.R. Pt. 404, Subpart P, App. 1.  See id. at § 404.1520(d).  If so, then the claimant is disabled; if not, then the Commissioner proceeds to the next step.  See id.

Fourth, the Commissioner makes a finding of "residual functional capacity," ("RFC") an assessment of the claimant's condition that is used to determine whether the condition renders her unable to work.  See id. at §§ 404.1520(e)–(f), 416.945.  If the claimant can do work that she has done in the past, then she is not disabled.  See id.  If the claimant cannot do such work, the analysis proceeds to the fifth step.

Fifth and finally, the Commissioner uses the above RFC assessment and vocational factors (the claimant's age, education, and work experience) to determine if the claimant is able to do any other substantially gainful work existing in the national economy.  See id. at § 404.1520(g); 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A).  If she is able to do other work, she is not disabled.  If not, then she is disabled.

The Court may set aside a denial of benefits "only if it is not supported by

substantial evidence or if it is based on legal error." Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) (quoting Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002)). "The claimant carries the initial burden of proving a disability." See id. (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). "Substantial evidence means 'such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.'" Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) (quoting Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986)).

When a magistrate judge issues a report and recommendation as to a dispositive motion, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

The ALJ decided that Ms. Deanna R. was not disabled under step four of the above analysis. (*See A.R.* [Doc. 11-3] 124–25;) see 20 C.F.R. §§ 404.1520(e), (g). For the reasons that follow, the ALJ's determination: (1) is not supported by substantial evidence; and (2) is independently grounded in legal error. See Ukolov, 420 F.3d at 1004.

### A. The ALJ Improperly Discounted the Medical Opinions of Plaintiff's Two Treating Physicians.

The Ninth Circuit "distinguish[es] among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Of the three, the greatest weight and deference belongs to the treating physician. See id. Where a treating physician's opinion is not contradicted by another doctor, the treating physician's conclusion may be rejected only upon a showing of "clear and convincing" evidence. Id. (citing Baxter v. Sullivan, 923

4

F.2d 1391, 1396 (9th Cir. 1991)). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." See id. (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

Here, in determining Plaintiff's RFC, the ALJ took note of the opinions of two treating physicians, Dr. Karen Law, M.D., Plaintiff's primary care physician at San Ysidro Health Center, and Dr. Dana Copeland Reddy, a rheumatologist. (*A.R.* 123–24; *R&R* [Doc. 16] 3:2–3, 4:13–14.) Drs. Law and Reddy each completed a Disability Impairment Questionnaire respectively dated August 19, 2016, and September 15, 2016. (*R&R* 8:7–9:15.) The ALJ noted that Dr. Law opined:

> the claimant is able to sit for less than one hour in an eight-hour workday, she must get up from a seated position every [fifteen] minutes and she is able to return to a seated position in less than five minutes, she must elevate both legs six inches or less while sitting, she is able to stand and/or walk for one hour in an eight-hour workday, she is able to lift and carry [ten] pounds occasionally, she is occasionally able to grasp and use her hands for fine manipulations bilaterally, she is frequently able to reach (including overhead) bilaterally, she would need to take unscheduled rest breaks for approximately five minutes approximately every [twenty] minutes, and she is likely to be absent from work as a result of her impairments or treatments three times a month on average [exhibit reference omitted] . . . .

(*A.R.* 123.) The ALJ gave Dr. Law's opinions little weight because "Dr. Law's opinion is not consistent with the medical evidence of record, which indicates that, other than when recovering from her fractures, the claimant remained active, including riding a motorcycle and walking on the beach." (*Id.*)

The ALJ noted that Dr. Reddy opined:

> the claimant is able to sit for five to six or more hours in an eight-hour workday, she is able to stand and/or walk for one to two hours in an eight-hour workday, she does not need to avoid continuous sitting, she does not need to elevate her legs while sitting, she must get up from a seated position for five minutes every one to two hours, she is able to lift [ten] pounds frequently, she is able to carry [five] pounds frequently, and she is able to lift and carry [twenty] pounds occasionally, she is occasionally able to grasp, turn, and twist objects bilaterally, she is frequently able to use her arms for reaching (including overhead) bilaterally, and she is never/rarely able to use her hands/fingers for fine manipulations bilaterally, she would need to take unscheduled breaks at unpredictable intervals for five to [fifteen] minutes two to three times per day in an eight-hour workday, and she is likely to be absent from work as a result of her impairments or treatments two or three times a month [exhibit reference omitted] . . . .

5

1  (*Id*. at 124.)  The ALJ gave Dr. Reddy's opinions little weight because:

2  > Dr. Reddy provided no explanation for the difference between the amount of weight the claimant is able to lift as opposed to the weight the claimant is able to carry on an occasional basis, or for the limitation on reaching. Furthermore, her opinion is inconsistent with the medical evidence of record, which indicates that the claimant was active in her activities of daily living, and she was observed handling objects during her appointment with the consultative psychological evaluation [exhibit reference omitted] . . . .

6  (*Id*.)  Despite the opinions of the two treating physicians, the ALJ concluded that:

7  > the claimant is able to lift, carry, push, and pull [twenty] pounds occasionally and [ten] pounds frequently; she is able to stand and/or walk for six hours in an eight-hour workday with normal breaks; she is able to sit for six hours in an eight-hour workday with normal breaks; she is frequently able to climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; she is occasionally able to climb ropes, ladders, and scaffolds; and she is frequently able to handle, finger, and feel bilaterally.

11 (*Id*. at 121.)

12   The ALJ gave "little weight" to the opinions of Plaintiff's two treating physicians while giving "great weight" to the opinions of the nonexamining state physicians.  (*See id*. at 123–24; *see also R&R* 24:24–26).  Because there is conflicting medical evidence, his decisions must be grounded in specific and legitimate reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 830 (internal quotation omitted).

### 1.   The Overall Medical Evidence

Defendant cites to the "overall medical evidence" as a specific and legitimate reason for the ALJ's rejection of the opinions of the two treating physicians.  (*See Def.'s Objs.* [Doc. 18] 3:27–4:14 (arguing that "normal findings belie the restrictive assessments of Drs. Law and Reddy").)  Defendant's objection to the R&R on this point is unpersuasive for two reasons.  First, Defendant's objection contains reasoning beyond what the ALJ proffered in support of his decision to give Dr. Law's or Dr. Reddy's opinions little weight.  Although the ALJ reviewed this evidence in an earlier part of his analysis, he never cited these "normal findings" or "the overall medical evidence" as reasons for discounting the opinions of Dr. Law or Dr. Reddy.  (*See A.R.* [Doc. 11-3]

6

122–24.)  Thus, they are post hoc justifications and are not appropriate for consideration on review.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (finding error where the district court affirmed the ALJ's decision based on evidence the ALJ did not discuss because, "[w]e are constrained to review the reasons the ALJ asserts"); see also Pinto v. Massanari, 249 F.3d 840, 847–48 (9th Cir. 2001) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision . . . .")

Second, even if the ALJ had specifically cited to the "normal findings" pointed to by Defendant, it would still have been an insufficient reason to discount the opinions of two treating physicians in favor of opinions from the nonexamining state physicians, Dr. Pan and Dr. Dwyer.  See Lester, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of either an examining physician or a treating physician.")  Defendant notes that the ALJ based his findings on the opinions of the state physicians who, in turn, based their opinions on the "medical evidence of record," which includes the aforementioned "normal findings."  (*See Def.'s Objs.* 6:17–7:3.)  According to the Magistrate Judge's R&R, the state physicians did not base their opinions on independent clinical findings or offer a different diagnosis of Plaintiff's condition than what Plaintiff's treating physicians provided.  (*See R&R* [Doc. 16] 28:20–23.)  Rather, the state physicians based their opinions on the same objective medical tests that the treating physicians considered and differed only in their conclusions regarding Plaintiff's functional capacity.  (*Id.*) Defendant did not contest these findings from the Magistrate Judge or argue that the state physicians had access to objective medical findings that the treating physicians did not. Thus, these "normal findings" and the state physicians' opinions based thereon do not constitute substantial evidence and the ALJ would still have erred in discounting the opinions of Plaintiff's treating physicians.  See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining

7

physicians are not 'substantial evidence.'")

### 2. Dr. Law's Opinions

With regard to Dr. Law's opinions, the ALJ failed to provide specific and legitimate reasons for giving them little weight. (*See A.R.* [Doc. 11-3] 123.) Defendant argues that the ALJ properly rejected Dr. Law's opinion because it was "inconsistent with Plaintiff's activities of daily living." (*See Def.'s Objs.* [Doc. 18] 4:15–16.) It is true that a claimant's contradictory level of daily activity can be a reason to discount medical testimony. See Ford v. Saul, 950 F.3d 1141, 1154–55 (9th Cir. 2020) (finding a "specific and legitimate reason for rejecting the opinion" when the treating doctor "checked a box stating that Ford could not sit or stand for more than five minutes at a time or two hours in a workday, yet Ford worked six to eight hour shifts at FedEx in 2016 where she was required to sit and stand for long periods of time."). However, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014) (citing Smolen v. Chater, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996)).

The only specific evidence that the ALJ points to when concluding that "the claimant remained active," is that Plaintiff continued to ride a motorcycle and walk on the beach. (*See A.R.* [Doc. 11-3] 123.) However, the ALJ failed to examine those activities in context. While there are brief mentions in the record of Plaintiff riding a motorcycle and walking on the beach, Plaintiff also informed her doctors of being restricted by "issues with her hands," "difficulty shifting with her left leg," "still [being] tired [a lot]," and being "unable to walk on the beach barefoot." (*See A.R.* [Docs. 11-7, 11-11, 11-12] 315, 763, 934.) Plaintiff also stated that the pain in her lower extremities limited her ability to walk several blocks at a time and climb stairs. (*A.R.* [Doc. 11-11] 842.) Dr. Law's opinion did not indicate that Plaintiff was completely incapable of

standing, walking, grasping objects, or twisting objects bilaterally, but merely that she was limited in her ability to do so. (*A.R.* [Doc. 11-3] 123.) A reasonable mind would not accept these ostensible inconsistencies and a vague reference to "remain[ing] active" as substantial evidence of specific and legitimate reasons to disregard the opinion of a treating physician who had seen Plaintiff approximately every six weeks for over two years and supported her diagnoses with medical signs and laboratory findings. (*See R&R* [Doc. 16] 20:5–23;) see also Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.")

### 3. Dr. Reddy's Opinions

With regard to Dr. Reddy's opinions, the ALJ again failed to meet the standard for specific and legitimate reasons when assigning them "little weight." (*See A.R.* [Doc. 11-3] 124.) Defendant is correct in stating that the ALJ may discount a doctor's opinion when it is "brief, conclusory, and inadequately supported by clinical findings." (*Def.'s Objs.* [Doc. 18] 3:22–26;) see Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)). Internal contradictions in a doctor's opinion may also serve as substantial evidence for rejecting a treating physician's opinion. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding substantial evidence for rejecting a doctor's opinion when the doctor opined that the claimant could only stand or walk for 15 minutes at a time, but the doctor took clinical notes on the same day which contradicted that opinion).

The cases cited by Defendant are inapplicable because no such internal contradictions are apparent in this case. (*See Def.'s Objs.* 5:6–16.) When explaining why the ALJ discounted Dr. Reddy's opinions, the ALJ stated that Dr. Reddy "provided no explanation for the difference between the amount of weight the claimant is able to lift as opposed to the weight the claimant is able to carry on an occasional basis, or for the

9

1  limitation on reaching." (A.R. [Doc. 11-3] 124.) However, the Social Security Ruling
2  ("SSR") interpreting how to assess a claimant's RFC specifically includes the distinct
3  categories of lifting and carrying, as well as the explicit instruction that such categories
4  must be considered separately. See SSR 96-8P, 1996 WL 374184, at *5 (July 2, 1996).
5  When classifying this as an internal contradiction, Defendant ignores a clear and rational
6  distinction between the ability to lift versus the ability to carry. Likewise, Dr. Reddy's
7  inclusion of a limitation on reaching without a specific explanation is not a sufficiently
8  specific or legitimate reason to discount her opinion because the ALJ never explained
9  how this detracted from Dr. Reddy's opinion.[2] (See A.R. 124.)

10       Dr. Reddy was a specialist in rheumatology who had treated Plaintiff in the area of
11  that specialty for two years, seen Plaintiff on eleven occasions, and based her opinions on
12  medical signs and laboratory findings. (See R&R [Doc. 16] 23:4–12.) Thus, Dr. Reddy's
13  opinions are not "brief, conclusory, and inadequately supported by clinical findings," nor
14  are the parts of her opinion cited to as internal inconsistencies by the ALJ sufficient to
15  discount her opinion. See Sprague, 812 F.2d at 1230–31 (citing Murray, 722 F.2d at 502)
16  (finding several purported inconsistencies "totally inadequate as a statement of reasons
17  for disregarding a treating physician's opinion," especially when the diagnoses of three
18  physicians were consistent and only differed as to the plaintiff's degree of impairment).

19       As with Dr. Law's opinion, the limited daily activities described by Plaintiff are
20  not sufficiently contradictory to qualify as specific and legitimate reasons for discounting
21  Dr. Reddy's medical assessments. Neither is a brief and general reference to Plaintiff
22  "handl[ing] objects" at a psychologist's office in 2015, particularly when the same notes
23  describe Plaintiff explaining that "her hand problems come and go and that today is a
24  relatively good day." (A.R. [Doc. 11-7] 363.) The record shows ample evidence to

---

[2] Defendant did not object to the Magistrate Judge's analysis of this argument regarding reaching limitations, and this Court agrees with the Magistrate Judge's reasoning. (See R&R [Doc. 16] 24:3–5; see also Def.'s Objs.)

10

support Dr. Reddy's opinions regarding Plaintiff's ability to occasionally grasp, turn, and twist objects but rarely or never use her hands and fingers for fine manipulation. (*See A.R.* [Docs. 11-2, 11-7] 25–26 (flip handles installed on doors at home); 33 (unable to hold a bottle); 327 (unable to open bottles or pick things up); 339 (loss of sensation in hands, able to pick up a roll of quarters but not a single quarter); 363 (able to do some chores only when hands are not hurting).)  Additionally, Dr. Reddy based her diagnoses and opinions on clinical and laboratory findings which demonstrated limited sensation in Plaintiff's wrists and ankles as well as rashes with scarring on Plaintiff's lower extremities.  (*See A.R.* [Doc. 11-10] 739.)  The ALJ selectively mentioned some evidence but excluded the evidence which supports Dr. Reddy's opinions.  Thus, the ALJ's reasons for rejecting Dr. Reddy's opinions are not supported by substantial evidence.  See, e.g., Holohan v. Massanari, 246 F.3d 1195, 1207 (9th Cir. 2001) (finding error when the ALJ selectively relied on certain medical records while excluding others).

      The ALJ was not required to accept all the opinions of Plaintiff's treating physicians, but he was required to assign them appropriate weight or give specific and legitimate reasons supported by substantial evidence in the record for rejecting them.  See Lester, 81 F.3d at 830 (internal quotation omitted).  Because Drs. Law and Reddy conducted in-person examinations of Plaintiff, treated Plaintiff regularly over multiple years, and based their opinions on medical signs and laboratory findings, Drs. Law and Reddy were in a better position to judge Plaintiff's actual restrictions and abilities than the nonexamining state physicians.  See 20 C.F.R. § 404.1527(c) (giving more weight to the opinions of physicians based on the length of the treatment relationship and the frequency of examination, nature and extent of the treating relationship, supportability "[with] medical signs and laboratory findings," consistency "with the record as a whole," specialization of the physician, and other factors);[3] see also Sprague, 812 F.2d at 1230

---

[3] For claims filed before March 27, 2017, such as Plaintiff's, the standard for evaluating opinion evidence is set forth in 20 C.F.R. § 404.1527(c)(2). For claims filed on or after March 27, 2017, the

11

(citing Murray, 722 F.2d at 502) ("The rationale for giving greater weight to a treating physician's opinion is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual."). Thus, the ALJ erred in giving the opinions of Drs. Law and Reddy "little weight" compared to the nonexamining state physicians without citing specific and legitimate reasons supported by substantial evidence.

### B.   Efficacy of Plaintiff's Treatment

The Magistrate Judge found "[i]t was improper for the ALJ to rely on the effectiveness of Plaintiff's treatment . . . particularly when he ignored the side effects of those medications." (*R&R* [Doc. 16] 25:14–17.) This finding was not specifically objected to by Defendant and therefore it is not necessary for this Court to review it de novo. (*See Def.'s Objs.* [Doc. 18];) see also Fed. R. Civ. P. 72(b)(3). Regardless, this Court agrees with the Magistrate Judge's analysis and adopts the recommendation on this point. (*See R&R* 24:23–25:26.)

### C.   The Aforementioned Errors Infected the ALJ's Residual Functional Capacity Analysis and his Overall Conclusions.

The aforementioned errors were critical to the ALJ's determination of Plaintiff's RFC, which was in turn critical to the ALJ's conclusion that Plaintiff "is able to perform [her] past relevant work as a bartender as actually and generally performed." (*See A.R.* [Doc. 11-3] 124.) Thus, the errors infected the ALJ's conclusions. As such, the ALJ's decision is not based on substantial evidence and is independently grounded in legal error. Accordingly, remand is appropriate. See Ukolov, 420 F.3d at 1004.

Defendant argues that the Magistrate Judge "recommended finding that the ALJ should have accepted both [Dr. Law's and Dr. Reddy's opinions]," and that, because Dr.

---

rules in 20 C.F.R. § 404.1520c apply. See 20 C.F.R. § 404.1527 (2019); 20 C.F.R. § 404.1520c (2019).

1 Reddy's opinion was less restrictive than Dr. Law's, they are not reconcilable. (*See*
2 *Def.'s Objs.* [Doc. 18] 5:25–5:27.) Nowhere in the R&R does the Magistrate Judge state
3 that the ALJ was required to accept both opinions. (*See R&R* [Doc. 16].) Rather, the
4 Magistrate Judge found that the ALJ was required to give the treating physicians'
5 opinions due consideration when assessing Plaintiff's RFC, and improperly accorded the
6 opinions of the nonexamining state physicians more weight than those of the treating
7 physicians. (*See id*. at 25:14–17, 25:24–26, 27:26–28:3, 28:18–20.) As discussed above,
8 this Court agrees with the Magistrate Judge and finds that the ALJ was required to give
9 more weight to the opinions of Plaintiff's treating physicians in order to come to a
10 "comprehensive assessment of Plaintiff's RFC that addressed all the evidence in the
11 record," and not one that merely mirrors the opinions of the nonexamining state
12 physicians. (*Id*. at 27:19–21.)

13 Defendant additionally argues that Plaintiff's RFC was properly assessed because
14 the ALJ reasonably relied on the opinions of the state physicians. (*See Def.'s Objs.* [Doc.
15 18] 7:2–3.) Again, this is not the case because the ALJ erred by discounting the opinions
16 of Plaintiff's treating physicians in favor of the nonexamining state physicians without
17 providing specific and legitimate reasons based on substantial evidence for doing so. On
18 remand, the ALJ will have the opportunity to ensure that he gives proper weight to the
19 opinions of Drs. Law and Reddy when reevaluating Plaintiff's RFC. See Robbins v. Soc.
20 Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (finding that the ALJ's RFC assessment
21 is only adequate if it considers all relevant evidence in the record).

22 Finally, Defendant argues that the ALJ did not err by excluding Dr. Law's and Dr.
23 Reddy's limitations from the RFC determination and the hypotheticals posed to the
24 vocational expert ("VE"). (*Def.'s Objs.* 8:1–4.) This Court again disagrees. Because
25 Drs. Law and Reddy were treating physicians with substantial evidence supporting their
26 opined limitations of Plaintiff, their limitations should have been included in both the
27 RFC and the hypothetical questions to the VE. Robbins, 466 F.3d at 886 ("[A]n ALJ is
28 not free to disregard properly supported limitations.") The ALJ presented multiple

hypotheticals to the VE. (*See A.R.* [Doc. 11-2] 41–46.) On remand, the ALJ will have the opportunity to ensure the hypotheticals posed to the VE accurately depict Plaintiff's RFC.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

(1) The R&R [Doc. 16] is **ADOPTED** in its entirety;

(2) Plaintiff's motion for summary judgment [Doc. 13] is **GRANTED**;

(3) Defendant's motion for summary judgment [Doc. 14] is **DENIED**;

(4) This case is **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: June 29, 2020

Hon. Thomas J. Whelan
United States District Judge