**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEANNA R., <br><br>　　　　　　　　　　Plaintiff, <br><br>v. <br><br>ANDREW SAUL, Commissioner of Social Security Administration, <br><br>　　　　　　　　　　Defendant. | Case No.: 19-CV-1358 W (RBB) <br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412 [DOC. 21]** |

　　　Pending before the Court is Plaintiff's application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). [Doc. 21.] The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Plaintiff's application.

1

## I. BACKGROUND

On May 26, 2015, Plaintiff Deanna R. ("Plaintiff") protectively filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income. (*Administrative Record ("A.R.")* [Doc. 11-3] 115.) On October 1, 2015, Plaintiff's applications were denied on initial review and were denied again upon reconsideration on May 5, 2016. (*Id.*) On February 1, 2018, Administrative Law Judge ("ALJ") Andrew Verne conducted an administrative hearing. (*R&R* [Doc. 16] 2:13–15.) On July 6, 2018, the ALJ rendered a decision concluding that Plaintiff is not disabled within the meaning of the Social Security Act. (*A.R.* 116.) On May 20, 2019, the ALJ's decision became final when the Appeals Council denied Plaintiff's request for review. (*See R&R* 2:14–17.) Plaintiff thereafter brought this action.

On November 25, 2019, Plaintiff filed a motion for summary judgment. (*Pl.'s Mot.* [Doc. 13].) On December 6, 2019, Defendant filed a cross-motion for summary judgment. (*Def.'s Mot.* [Doc. 14].) On March 30, 2020, United States Magistrate Judge Ruben B. Brooks issued an R&R recommending that Plaintiff's motion for summary judgment be granted, that Defendant's cross-motion for summary judgment be denied, and that the case be remanded for further proceedings. (*R&R* [Doc. 16].) On April 23, 2020, Defendant filed an objection to the Magistrate Judge's R&R. (*Def.'s Objs.* [Doc. 18].) On June 29, 2020, the Court adopted Judge Brooks' R&R in its entirety and ordered the case remanded for further proceedings. (*June 29, 2020 Order* [Doc. 20.].)

On September 28, 2020, Plaintiff filed the pending application for attorney's fees. [Doc. 21.] Plaintiff's attorney sought 48.6 hours of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), at a rate of $205.25/hour—an amount totaling $9,975.15. (*See Pl.'s Decl.* [Doc. 21-2] ¶¶ 9–11.) In briefing the reply to this application, Plaintiff requested an additional 8.7 hours, which increased this total to $11,760.83 for 57.3 hours of attorney work overall. (*See Pl.'s Reply* [Doc. 23] 10:20–

2

25.)

Defendant opposes, contending that Plaintiff is not entitled to fees at all, or alternatively that the amount for which Plaintiff moves is unreasonable and should be significantly reduced. (*See Def.'s Opp'n* [Doc. 22] 10:2–4.)

## II. LEGAL STANDARD

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To the extent that Plaintiff is entitled to fees under the EAJA, such fees must be "reasonable." See id. at § 2412(d)(2)(A). A reasonable attorney's fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. See McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The product of those two figures, known as a lodestar, must then be adjusted downward by any claimed hours that were not reasonably expended. See id. "Ultimately, a 'reasonable' number of hours is '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'" Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)).

### III. DISCUSSION

**A.   The Government's Position was Not Substantially Justified.**

The government contends that the Plaintiff is not entitled to attorney's fees because the Commissioner's litigation position was substantially justified. (*See Def.'s Opp'n* [Doc. 22] 7:9–14.)

A position is "substantially justified" if it is reasonable in law and fact. See Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government has the burden of demonstrating that its position was substantially justified." Kali v. Bowen, 854 F.3d 329, 332 (9th Cir. 1988). "[Its] failure to prevail does not raise a presumption that its position was not substantially justified." Id. However, a "holding that the agency's decision ... was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005). The Court looks to the totality of the circumstances, analyzing both the government's asserted position in the trial court action and the nature of the underlying administrative action. See Kali, 854 F.3d at 332.

As made clear in this Court's June 29 Order, the ALJ improperly discounted the opinions of two treating physicians in favor of opinions by physicians that did not examine Plaintiff. Moreover, the ALJ failed to properly asses the Plaintiff's Residual Functional Capacity ("RFC") and erroneously relied on the opinions of a vocational expert supplied with defective information. Because Drs. Law and Reddy were treating physicians with substantial evidence supporting their opined limitations of Plaintiff, their limitations should have been included in both the RFC and the hypothetical questions to the vocational expert.

The Defendant's argument that its position was substantially justified consists of six pages defending the ALJ's decision as proper and thereby relitigating the same issues already decided in the June 29 Order. The government has not shown that either the

ALJ's decision or the government's defense of it in this case were reasonable in law or fact. Accordingly, the government has not shown that its position was substantially justified so as to preclude an award of fees pursuant to the EAJA. See Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t 'will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'")).

### B.  Billing Rate

Pursuant to the statutory maximum rates under the EAJA, Plaintiff seeks to be compensated at an hourly rate of $205.25. (*See Pl.'s Application* [Doc. 21-1] 6:2–9; *Pl.'s Decl.* [Doc. 21-2].) The parties do not appear to dispute that this is the correct rate for Plaintiff's attorney's work. $205.25/hour is a reasonable hourly rate.

### C.  Hours of Work Performed

Plaintiff seeks compensation for a total of 57.3 hours of attorney work on this matter. (*See Pl.'s Decl.* [Doc. 21-2] ¶¶ 9–11; *Pl.'s Reply* [Doc. 23] 10:20–25.))

Factors in determining how much time an attorney could reasonably spend on a particular case include the complexity of the legal issue, the procedural history, and the size of the record. See Costa v. Comm'r of SSA, 690 F.3d 1132, 1136 (9th Cir. 2012).

"[S]ocial security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." Id. at 1134 n.1. This case was no exception. The administrative record was complex, containing more than 950 pages. (*See A.R.* [Doc. 11].) Plaintiff's case necessitated an in-depth review of these documents. In addition, her attorney prepared, briefed, and filed a motion for summary judgment, a response to the government's cross-motion for

summary judgment, a response to the government's objection to Judge Brook's Report and Recommendation, the pending motion for EAJA attorney's fees, and a response to the government's objection to the motion for attorney's fees. [Docs. 13, 15, 19, 21, 23.]

57.3 hours reflects "the time [that] could reasonably have been billed to a private client" for this work. See Moreno, 534 F.3d at 1111. Multiplied by an hourly rate of $205.25, the lodestar amount is $11,760.83. See McGrath, 67 F.3d at 252. There is no reason to depart from this amount.

Plaintiff's attorney is entitled to $11,760.83 in attorney's fees.

## IV. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Counsel's motion for attorney's fees [Doc. 21.] Counsel is **AWARDED** $11,760.83 in attorney's fees following a determination under the Treasury Offset Program that Plaintiff does not owe any debts that qualify for offset.

**IT IS SO ORDERED.**

Dated: February 22, 2021

Hon. Thomas J. Whelan
United States District Judge